IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEANGELO SANDERS,<br>*Plaintiff* | : <br> : <br> : | CIVIL ACTION NO.: |
| v. | : <br> : | |
| TRUE VALUE COMPANY, LLC,<br>*Defendant* | : <br> : <br> : | JURY TRIAL DEMANDED |

## COMPLAINT AND JURY DEMAND

### I. PRELIMINARY STATEMENT

1. This is an action for an award of damages, attorneys' fees, and other relief on behalf of Plaintiff, Deangelo Sanders ("Plaintiff Sanders"), a former employee of True Value Company LLC, ("Defendant"), who has been harmed by the Defendant's discriminatory actions, ultimately resulting in the constructive termination of his employment.

2. This action is brought under Title VII of the Civil Rights Act of 1964 and 1991, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), the Pennsylvania Human Relations Act, 43 P.S. § 951 et seq. ("PHRA"), and 42 U.S.C. §1981 (§1981).

### II. JURISDICTION AND VENUE

3. The original jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331 and the claims are substantively based on Title VII and 42 U.S.C. §1981. The supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1367, to consider Plaintiff Sanders' claims arising under the PHRA.

1

4. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391 as a substantial part of the events or omissions giving rise to Plaintiff Sanders' claims occurred in this judicial district.

5. All conditions precedent to the institution of this suit have been fulfilled. On August 26, 2021, a Notice of Right to Sue was issued by the United States Equal Employment Commission ("EEOC"), and this action has been filed within ninety (90) days of receipt of said notice.

6. Plaintiff Sanders has satisfied all other jurisdictional prerequisites to the maintenance of this action.

### III. PARTIES

7. Plaintiff, Deangelo Sanders, is a thirty-two (32) year old African-American male citizen of the Commonwealth of Pennsylvania, residing therein at 1112 Delaware Street, Scranton, Pennsylvania 18411.

8. Defendant, True Value Company, LLC ("Defendant"), is a corporation duly organized and existing under the laws of the State of Illinois, maintaining a place of business located at 12 Tradesport Road, Nanticoke, Pennsylvania 18634.

9. At all times relevant hereto, Defendant acted through its agents, servants and employees, who acted within the scope of their authority, course of employment, and under the direct control of the Defendant.

10. At all times material herein, the Defendant has been a "person" and "employer" as defined under Title VII, §1981, and the PHRA, and has been, and is, subject to the provisions of each said Act.

## IV. STATEMENT OF FACTS

11. Plaintiff Sanders, an African-American male, was employed by the Defendant from in or about January of 2020 until on or about November 2, 2020 the date of his constructive termination.

12. Throughout his employment with Defendant, Plaintiff Sanders held the position of Merchandise Handler. At all times relevant hereto, Plaintiff Sanders maintained an excellent job performance rating in said capacity.

13. Following Plaintiff Sanders' hire, the Defendant, through its agents, servants and employees, began to subject Plaintiff Sanders to a hostile work environment and harassment on the basis of his race (African-American).

14. By way of example, on or about May 24, 2020, Tony Vincent ("Vincent"), Day Shift Supervisor, a Caucasian individual, referred to Plaintiff Sanders and other African-American employees as "colored people" in derogatory fashion. On the same date, Plaintiff Sanders registered a complaint of race discrimination with Frank Ratkiewicz ("Ratkiewicz"), Human Resources Generalist. Upon information and belief, the Defendant failed to conduct an investigation and likewise failed to take steps to cause the harassment to cease.

15. Thereafter, the Defendant began to retaliate against Plaintiff Sanders for opposing unlawful race discrimination in the workplace.

16. By way of example, on or about May 25, 2020, Vincent stalked Plaintiff Sanders in the workplace. On one such occasion, Vincent confronted Plaintiff Sanders in his workspace and baselessly interrogated him as he worked. Vincent demanded to know,

"what are you doing here?" in the presence of Maddie LNU ("Maddie"), Merchandise Handler.

17. As further retaliation, throughout the summer of 2020, Vincent regularly stalked Plaintiff Sanders in the workplace, including during trips to the restroom. On one such occasion in or about July of 2020, as Plaintiff Sanders attempted to enter the restroom, Vincent followed him, and, observing Plaintiff Sanders' hand on the door handle, aggressively demanded to know, "why are you going in there?"

18. As further race discrimination, on or about October 5, 2020, Mark Watrucki ("Watrucki"), Merchandise Handler, a Caucasian individual, referred to Plaintiff Sanders and Alexandra Mathias ("Mathias"), Merchandise Handler, as "colored people."

19. Thereafter, on or about October 19, 2020, Defendant hired Lisa Youells ("Youells"), a Caucasian individual, in the position of Merchandise Handler. Defendant assigned Plaintiff Sanders to train Youells in said capacity. On the same date, within minutes of meeting Youells, she openly called Plaintiff a "nigger."

20. On or about October 20, 2020, as further race discrimination, Youells aggressively confronted Plaintiff Sanders in Defendant's parking lot as he arrived to work and demanded to know, "what's the issue?"

21. On or about October 22, 2020, Plaintiff Sanders registered another complaint of race discrimination with Ryan Linberg ("Linberg"), Human Resources Representative, in connection with Youells' persistent racial harassment. The Defendant failed to interview Plaintiff Sanders in connection with his allegations.

22. On or about October 27, 2020, Youells continued to harass Plaintiff Sanders in the workplace. On said date, Youells exhibited increasingly hostile behavior toward Plaintiff Sanders by following him throughout Defendant's workplace, staring at him menacingly, and deliberately stomping her feet in close proximity to Plaintiff Sanders. Youells approached Plaintiff Sanders on multiple instances, demanding to know, "why won't you talk to me?"

23. On the same date, Plaintiff Sanders was forced to leave his shift early as a result of Youells' ongoing intimidation and harassing behavior. In connection thereto, Plaintiff Sanders registered another complaint of discrimination and retaliation with Linberg.

25. Upon information and belief, Defendant failed and refused to investigate Plaintiff Sanders' allegations of racial harassment, discrimination, and retaliation.

26. On or about November 2, 2020, as a result of the aforesaid intolerable working conditions fostered by the Defendant as well as Defendant's ongoing failures to remedy racial harassment in the workplace, Plaintiff Sanders' employment was constructively terminated.

### COUNT I
### (Title VII – Race Discrimination, Retaliation)
### Plaintiff Sanders v. the Defendant

27. Plaintiff Sanders incorporates by references paragraphs 1 through 26 of this Complaint as though fully set forth at length herein.

28. The actions of the Defendant, through its agents, servants and employees, in subjecting Plaintiff Sanders to a hostile work environment and discrimination on the

basis of his race, and to retaliation for protesting unlawful race discrimination in the workplace, constituted a violation of Title VII.

29. As a direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendant in violation of Title VII, as aforesaid, Plaintiff Sanders sustained permanent and irreparable harm, which caused him to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay, and interest due thereon.

30. As a further direct result of the aforesaid discriminatory and retaliatory employment practices engaged in by the Defendant in violation of Title VII, Plaintiff Sanders suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## COUNT II
### (PHRA – Race Discrimination, Retaliation)
### Plaintiff Sanders v. the Defendant

31. Plaintiff Sanders incorporates by references paragraphs 1 through 30 of this Complaint as though fully set forth at length herein.

32. The actions of the Defendant, through its agents, servants and employees, in subjecting Plaintiff Sanders to a hostile work environment and discrimination on the basis of his race, and to retaliation for protesting unlawful race discrimination in the workplace, constituted a violation of the PHRA.

33. As a direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendant in violation of the PHRA, as aforesaid, Plaintiff Sanders sustained permanent and irreparable harm, which caused him

to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay, and interest due thereon.

34. As a further direct result of the aforesaid discriminatory and retaliatory employment practices engaged in by the Defendant in violation of the PHRA, Plaintiff Sanders suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

### COUNT III
### (42 U.S.C. §1981 – Race Discrimination, Retaliation)
### Plaintiff Sanders v. the Defendant

35. Plaintiff Sanders incorporates by references paragraphs 1 through 34 of this Complaint as though fully set forth at length herein.

36. The actions of the Defendant, through its agents, servants and employees, in subjecting Plaintiff Sanders to a hostile work environment and discrimination on the basis of his race, and to retaliation for protesting unlawful race discrimination in the workplace, constituted a violation of §1981.

37. As a direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendant in violation of §1981, as aforesaid, Plaintiff Sanders sustained permanent and irreparable harm, which caused him to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay, and interest due thereon.

38. As a further direct result of the aforesaid discriminatory and retaliatory employment practices engaged in by the Defendant in violation of §1981, Plaintiff

Sanders suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## PRAYER FOR RELIEF

39. Plaintiff Sanders incorporates by references paragraphs 1 through 34 of this Complaint as though fully set forth at length herein.

**WHEREFORE**, Plaintiff Sanders request that this Court enter judgment in his favor and against the Defendant and Order that:

a. Defendant compensate Plaintiff Sanders for the wages and other benefits and emoluments of employment lost, because of its unlawful conduct;

b. Defendant compensate Plaintiff Sanders with an award of front pay, if appropriate;

c. Defendant pay to Plaintiff Sanders punitive damages, compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses as allowable;

d. Defendant pay to Plaintiff Sanders pre and post judgment interest, costs of suit, and attorney and expert witness fees as allowed by law;

e. The Court award such other relief as is deemed just and proper.

## JURY DEMAND

Plaintiff Sanders demands a trial by jury.

                        SIDNEY L. GOLD & ASSOC., P.C.

By:   /s/Sidney L. Gold, Esquire
        SIDNEY L. GOLD, ESQUIRE
        I.D. NO.: 21374
        TRACI M. GREENBERG, ESQUIRE
        I.D. NO.: 86396
        1835 Market Street, Ste. 515
        Philadelphia, PA 19103
        215.569.1999
        Attorneys for Plaintiff

DATED: 11/16/2021

## VERIFICATION

I hereby verify that the statements contained in the attached **Complaint** are true and correct to the best of my knowledge, information and belief. I understand that false statements herein are made subject to the penalties of Title 18 Pa. C.S.A. §4904, relating to unsworn falsification to authorities.

DATE: Oct 27, 2021

*DeAngelo Sanders (Oct 27, 2021 16:35 EDT)*
**DEANGELO SANDERS, PLAINTIFF**